865 F.2d 1257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Phyllis BURNSIDE, Plaintiff-Appellant,
v.
RAINES IMPORTS, INC, a West Virginia corporation, Defendant-Appellee.
 No. 88-3866.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 28, 1988.
Decided: Dec. 22, 1988.
 
 Andrew Apostile Raptis, for appellant.
 John Andrew Smith (Kay, Casto & Chaney), for appellee.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Phyllis Burnside brought this diversity action for conversion against appellee Raines Imports, Inc., in connection with the repossession of an automobile which Burnside had purchased from and financed through Raines Imports. The jury found in favor of Burnside and awarded her $100.00 in damages. She appeals on two grounds. First, she contends that the trial court erred in its exclusion of evidence on relevance grounds. Her second contention is that the trial court erred in bifurcating the trial, reserving the question of punitive damages until after the issues of liability and compensatory damages had been resolved. We find no error in the district court's actions, and we affirm.
 
 
 2
 Burnside purchased the automobile from Raines Imports in 1983. She also purchased disability credit insurance from Peninsular-Occidental Insurance (Occidental) through Raines Imports so that her car payments would be paid if she were to become disabled. The automobile was financed through Kanawa Banking & Trust (KBT) on a full recourse note; if Burnside defaulted, Raines Imports would pay the amount remaining on the note to KBT. Burnside's monthly payment, including principal, interest, and disability insurance, was $242.57.
 
 
 3
 In March, 1985, Burnside became disabled. She applied for benefits from Occidental, but because of an error made by her physician on the claim form, she did not receive any benefits. She was notified of the error but did not attempt to rectify it. As a result, no payments were made to KBT from March 1 to July 9, 1985.
 
 
 4
 On July 9, 1985, KBT notified Raines Imports that Burnside was in arrears on her automobile loan and invoked the full recourse provision in the note. Raines Imports paid KBT the $3531.70 remaining on the note and then repossessed the automobile.
 
 
 5
 On July 12, 1985, Burnside went to Raines Imports to see if she could get the automobile back. A Raines Imports employee called Occidental and determined that Occidental would pay the five-month arrearage, a total of $1212.85, if Burnside would send in a corrected copy of the claim form. The employee then drew up a new contract under which Burnside would pay Raines Imports $2,318.85 in installments of $242.57 to recover her car. Burnside signed the contract and Raines Imports gave the car back to her. She may also have signed the certificate of title over to Raines Imports, although the evidence on this point is scarce and disputed.
 
 
 6
 Burnside continued filling out disability claim forms until Occidental had paid a total of $2498.52. Thereafter, she ceased submitting claim forms and made no further payments on her own. A Raines Imports employee visited Burnside several times and explained to her that she still owed $1033.18 on the automobile loan. Burnside claimed that she did not owe anything more. Raines Imports subsequently repossessed the car. Its contents were stored and the car was sold to a third party. Burnside did not pick up the contents of the car, and they were subsequently lost.
 
 
 7
 Burnside claimed at trial that the July 12, 1985, contract reflected a discount because she had decided not to sue Raines Imports for wrongful repossession if she recovered the automobile. Raines Imports contended that the five payments which Occidental agreed to make were deducted from the amount which Raines paid to KBT in arriving at the loan amount of July 12. The difference between the amount Raines Imports paid to KBT and the amount Raines Imports put in the contract with Burnside was exactly equal to the five payment deficit to be paid by Occidental, $1212.85. Further, Burnside testified that she had not threatened Raines Imports with a suit for wrongful repossession prior to or on July 12, 1985. With this evidence before it, the jury found for Burnside and awarded her $100.00.
 
 
 8
 Burnside contends that the trial court erred because it sustained Raines Imports' objection to the admission of the certificate of title for the automobile on relevance grounds. She asserts that if evidence had been presented regarding signing over the title to Raines Imports on July 12, the credibility of Raines Imports' witnesses would be damaged. She apparently believes that requiring a defaulting borrower to sign over the title to an automobile before refinancing the loan is so unusual as to call the entire transaction into question. She does not, however, point to any reason why this alleged irregularity is relevant to her claim that the reduced contract price was a result of her forbearance to sue, a claim which she does not support even with her own testimony.
 
 
 9
 Relevance questions are a matter within the discretion of the trial court. Pesaplastic, C.A. v. Cincinnati Milacron Co., 750 F.2d 1516, 1524 (11th Cir.1985); Lies v. Farrell Lines, Inc., 641 F.2d 765 (9th Cir.1981). Rulings on evidentiary questions will only be disturbed upon a showing of abuse of discretion. United States v. MacDonald, 688 F.2d 224, 233 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983). Burnside has not shown that the trial court abused its discretion in sustaining an objection to the evidence relating to the certificate of title on relevance grounds. This contention is therefore without merit.
 
 
 10
 Burnside also contends that the court erred by bifurcating the trial. After the jury found that Burnside was entitled to only $100.00 in compensatory damages, the judge refused to give an instruction on punitive damages. He reasoned that the jury had most likely found that Raines Imports owed $100.00 to Burnside for the loss of her personal possessions in the automobile at the time of repossession, and owed nothing for repossessing the automobile itself because Burnside had defaulted. He also stated that there was no evidence of malice, a necessary element in punitive damage awards in West Virginia, the forum state. Warden v. Bank of Wingo, --- W.Va. ----, 341 S.E.2d 679, 684 (1985).
 
 
 11
 We do not know why the jury reached its verdict. However, we agree with the judge that there was no evidence of malice in this case. Indeed, Raines Imports even informed Burnside that it was going to repossess her automobile because of the default, and she made no effort to remedy the situation or clear up any misunderstanding regarding payments due under the contract. Further, Raines Imports was acting under a claim of right when it repossessed the car because Burnside had failed to pay the amount due under the contract. Therefore, there was no basis for a finding of punitive damages, and the trial court's decision to bifurcate the trial and its refusal to instruct the jury in this regard was not error. Warden, supra at 684; Ilosky v. Michelin Tire Corp., --- W.Va. ----, 307 S.E.2d 603, 619 (1983); Jopling v. Bluefield Water Works & Improvements Co., 70 W.Va. 670, 74 S.E. 943 (1912).
 
 
 12
 Because the district court did not err in its evidentiary ruling or its decision to bifurcate, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.
 
 
 13
 AFFIRMED.